IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE BROWN, | § § § § | |
| Plaintiff, | | |
| V. | § § § § § § § § | 1-15-CV-965 RP |
| GEORGETOWN POLICE CHIEF WAYNE NERO; THE CITY OF GEORGETOWN, | | |
| Defendants. | | |

### ORDER

Before the Court are Defendants' Georgetown Police Chief Wayne Nero's and the City of Georgetown's Fed. R. Civ. P. 12(b) First Amended Motion to Dismiss, filed March 14, 2016 (Clerk's Dkt. #19) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I.  BACKGROUND

Plaintiff Stephanie Brown ("Brown") filed this action on October 28, 2015, naming as defendants Georgetown Police Chief Wayne Nero ("Nero") and the City of Georgetown ("Georgetown"). Brown was employed as a police officer by the Georgetown Police Department. She alleges that she terminated a romantic relationship with a fellow officer in 2012 and, in retaliation, he accused her of ingesting his prescription pain medication and taking the illegal drug mescaline. (Plf. 1st Am. Compl. ¶ 7).

According to Plaintiff, following a "lop-sided investigation," Defendant Nero indefinitely suspended her on June 11, 2013. She alleges Nero arbitrarily, and without factual support, concluded she was untruthful during the investigation. (*Id*. ¶ 8).

Brown appealed her suspension to an independent third-party hearing examiner pursuant to the Texas Local Government Code. A hearing was conducted on August 26-27, 2013. Nero,

as well Georgetown's attorney and Civil Service Director, attended the hearing. According to Brown, the hearing examiner made clear by his comments during the hearing that he would be ruling in Brown's favor. She alleges Nero nonetheless, prior to the issuance of the hearing examiner's decision, initiated a meeting with the District Attorney and County Attorney to inform them of Brown's alleged misconduct. In response, the two officials issued a joint "no-confidence" letter to Nero on October 31, 2013, informing Nero that their offices would no longer "accept cases in which [Brown] has played a role," based on her alleged untruthfulness. (*Id.* ¶¶ 9-12).

On November 1, 2013, the hearing examiner issued his decision. Brown states the hearing examiner found that Brown had taken pain medication which was not her own, although there were extenuating circumstances, and concluded Brown should receive a fifteen-day suspension. The hearing examiner also determined Georgetown failed to carry its burden to prove that the mescaline even existed, let alone that Brown knowingly ingested mescaline. The hearing examiner finally concluded Georgetown failed to carry its burden to prove that Brown was dishonest when questioned about the allegations. (*Id.* ¶¶ 13-15).

According to Plaintiff, although Nero contacted the District Attorney and County Attorney and informed them the hearing examiner ruled in Brown's favor, Nero did not provide them with the evidence from the hearing. Nor did Nero inform them that the hearing examiner specifically found there was no reason to believe Brown was untruthful. (*Id.* ¶ 16)

On November 7, 2013, Georgetown reinstated Brown with back-pay. On November 8, 2013, Nero again terminated Brown. In the termination letter Nero stated his decision was based on Brown's inability to perform an essential job function of testifying in court. Because Nero described his decision as non-disciplinary, Brown's attempt to appeal the decision with the Civil Service Commission was refused. Brown thereafter sought relief in Texas state court. The state district court originally granted the defendants' plea to the jurisdiction, but the appellate court reversed in part and the case remains pending after remand to the state district court. According

to Brown, although both the District Attorney and County Attorney agreed to retract their joint letter of no-confidence, the letter remains in Georgetown's files and thus presents an active barrier to her employment. (*Id.* ¶¶ 17-23).

In this lawsuit, Plaintiff asserts a cause of action under 42 U.S.C. § 1983 ("Section 1983") for violation of her rights to procedural and substantive due process under the Fourteenth Amendment. (*Id.* ¶¶ 26-27). Plaintiff also asserts a cause of action under state law for defamation. (*Id.* ¶ 28). As relief, Plaintiff seeks monetary damages. (*Id.* ¶ 32).

Defendants have filed a motion seeking to dismiss Plaintiff's claims against them on a number of bases. Specifically, they contend: (1) the doctrine of qualified immunity bars Plaintiff's claims; (2) Plaintiff has failed to state actionable claims under Section 1983; (3) Plaintiff's defamation claim is barred by the statute of limitations and various immunity doctrines; and (4) Plaintiff's claims are not ripe. The parties have filed responsive pleadings and the motion is ripe for review.[1] As ripeness is jurisdictional, the Court will address that argument first

## II. RIPENESS

### A. Applicable Law

Article III of the United States Constitution provides that federal courts have the power to decide only actual cases or controversies. U.S. CONST. art. III, § 2. The justiciability doctrines of standing, mootness, political question, and ripeness "all originate in Article III's 'case' or 'controversy' language." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). The ripeness doctrine is also drawn "from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003).

A case is properly dismissed for lack of "ripeness" when the case is "abstract or

---

[1] Attached to Plaintiff's response to Defendants' motion to dismiss is a pleading in which Plaintiff lists various "objections" to certain statements in the motion to dismiss, and seeks a ruling on those objections. The Court need not specifically rule on Plaintiff's objections because, as noted below, in a motion to dismiss a court must take as true all facts as alleged by a plaintiff.

3

hypothetical." *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Choice, Inc.*, 691 F.3d at 714. (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). However, "even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness." *Central & S.W. Servs., Inc. v. EPA*, 220 F.3d 683, 690 (5th Cir. 2000). Notably, the Supreme Court has stated a claim is not ripe if it rests on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations omitted). *See Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) ("[A] ripeness inquiry is often required when a party is seeking pre-enforcement review of a law or regulation.").

**B. Discussion**

Defendants maintain each of Plaintiff's claims should be dismissed because they are not ripe for adjudication. The basis for Defendants' argument is the ongoing state court proceedings filed by Plaintiff. According to Defendants, "the court of appeals concluded that the issues in this suit are not fit for judicial consideration" because "Plaintiff had not exhausted her administrative remedies." (Def. Mot. ¶ 39). Defendants maintain, as a result, "further factual development is required to adjudicate the Plaintiff's claims which will necessarily result from further state and administrative proceedings." (*Id.*).

As an initial matter, the Court notes Defendants have not provided a copy of Plaintiff's petition in the state action or otherwise identified the precise claims asserted by Plaintiff in that action. The appellate opinion indicates the claims Plaintiff raises in her state action arise solely under the Texas Civil Service Act. *Brown v. Nero*, 477 S.W.3d 448, 448-49 (Tex. App.–Austin 2015, pet. denied) (citing TEX. LOC. GOV'T CODE §§ 143.001-.403). In its opinion, the court of appeals concluded Nero had incorrectly labeled Brown's termination as non-disciplinary, and thus she was entitled to an appeal of her termination under the Civil Service Act. *Id*. at 451. The court of appeals also found because Brown had not appealed her termination, she had not exhausted her administrative remedies and thus both it and the trial court lacked jurisdiction to grant her request for reinstatement. *Id*. at 451-52.

In this case, Plaintiff asserts claims of violations of both her rights to due process concerning the second termination of her employment, as well as a claim for defamation. The Court has little trouble concluding Defendants have not shown Plaintiff's defamation claim lacks ripeness. There is no indication that the claim was raised by Plaintiff in her state action, nor any showing that the state action will result in further factual development related to that claim.

Nor is Defendants' reliance on the state appellate court's conclusion regarding exhaustion well-founded for at least two reasons. First, the state appellate court's holding addresses Plaintiff's request for reinstatement of her employment. However, as discussed below, Plaintiff is not requesting that relief in this action. Second, the Fifth Circuit has clearly stated "exhaustion of state remedies is not required before a plaintiff can bring suit under § 1983 for denial of due process." *Bowlby v. City of Aberdeen*, 681 F.3d 215, 222 (5th Cir. 2012) (citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982)). Defendants' contention to the contrary is without legal foundation.

Moreover, procedural due process looks not to the justness of the interest, but the means by which the deprivation of the interest was effected, thus the injury is not the value of the property

5

taken, but the fact that it was taken without sufficient process. *Bowlby*, 681 F.3d at 222. Accordingly, Plaintiff's procedural due process claims became ripe at the moment of deprivation and the pendency of Plaintiff's state court action is of no moment. *See id*. ("Because, as the district court recognized, Bowlby was due predeprivation process, she suffered a due process injury when the City revoked her business permits, notwithstanding the fact that they may have been reinstated at some later date had she appealed the Board's decision."). See also *Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("Even if respondents' suspensions were justified, and even if they did not suffer any other actual injury, the fact remains that they were deprived of their right to procedural due process."); *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991) ("In sum, Nasierowski's injury stemming from the deprivation of procedural due process was immediately sustained and concretely felt, notwithstanding the absence of a 'final' decision from the City concerning the appropriate development of the property."). The Court therefore declines to dismiss Plaintiff's claims for lack of ripeness.

### III. MOTION TO DISMISS

#### A. Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state

a claim to relief that is plausible on its face." *Id.* at 570. The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

### B. Section 1983 Claims Against Nero

Defendants argue Plaintiff's Section 1983 claims against Nero fail because she has failed to allege facts establishing a constitutional violation and because Nero is entitled to qualified immunity from Plaintiffs' claims. A government official is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014). *See also Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244-45 (2012) (government officials entitled to immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). This requires a two-part analysis which requires examining if "the official violated a statutory or constitutional right," and "the right was 'clearly established' at the time of the challenged conduct." *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011)).

In arguing Nero is entitled to qualified immunity from Plaintiff's claims, Defendants focus only on the first part of the analysis. Thus, both attacks on Plaintiff's Section 1983 claims rest on the contention that Plaintiff has failed to state facts sufficient to establish Nero violated her constitutional rights. Accordingly, the Court will turn to that question.

Defendants first argue Plaintiff has failed to demonstrate a protected property interest sufficient to support a claim for deprivation of procedural due process. In a section 1983 cause of

action asserting a due process violation, a plaintiff must first identify a liberty or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Plaintiff contends, and Defendants do not disagree, that police officers in Texas have a protected property interest in their employment. *See* TEX. LOCAL GOV'T CODE ANN. § 143.001, *et seq*. (governing civil service regulations for police officers); *Johnson v. City of Shelby*, __ F. App'x __, 2016 WL 1138301, at *3 (5th Cir. Mar. 23, 2016) (employee can have property interest in continued employment if it is "created directly by state statute or by a written contract," quoting *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989)). Defendants, however, maintain Plaintiff has abandoned any property interest she may have in continued employment with the Georgetown Police Department because she is not seeking reinstatement, but only monetary damages.

Defendants do not cite any authority to support their argument that "abandonment" bars a due process claim. Nor does the Court find it logically compelling. Plaintiff was undeniably deprived of a property interest. That deprivation, if not preceded by the appropriate process, constitutes a constitutional violation. The form of relief Plaintiff seeks for that injury does not act to negate the existence of the violation.

Plaintiff also points out that Defendants' contention of "abandonment" is incorrect. She explains that she is continuing to seek reinstatement of her employment as a Georgetown police officer under state law in her ongoing state court proceedings. Her request for solely monetary damages in this case does not, therefore, equate to an abandonment of her property interest.[2] Accordingly, Nero is not entitled to dismissal on this basis.

---

[2] In supplemental briefing, Plaintiff suggests for the first time that the failure of Defendants to reinstate her employment after the state appellate court reversed the district court's dismissal constitutes a new violation of her rights to due process. As Defendants point out, Plaintiff has not alleged such a claim in her live complaint. The claim thus need not be addressed as it is not properly before the Court.

Defendants next argue Plaintiff's procedural due process claim fails because she has not alleged facts which show the process she has received was constitutionally deficient. Although not precisely clear, it appears Defendants contend that, following the appellate court's decision in Plaintiff's state action, Plaintiff now has the ability to appeal the second termination of her employment and thus is being afforded due process.

Defendants' argument misunderstands the nature of a procedural due process claim. Due process requires an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation omitted). "In most cases, a 'meaningful time' means prior to the deprivation of the liberty or property right at issue." *Bowlby*, 681 F.3d at 220. The Supreme Court has described the requirement "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest" as "the root requirement of the Due Process Clause." *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).

In this case, Plaintiff has alleged she was not afforded any process prior to the second termination of her employment. She has also alleged she was not permitted post-deprivation process in the form of an appeal following termination of her employment. Defendants provide no support for the proposition that the possibility of a belated appeal is sufficient to vindicate Plaintiff's right to process prior to deprivation. They have thus failed to show Plaintiff has not alleged a constitutional violation based on a lack of pre-deprivation process.

As to Plaintiff's claim based on a denial of post-deprivation process, Defendants cite the Supreme Court's decision in *Loudermill* as supportive of their contention that a delay in post-deprivation process does not constitute a constitutional deprivation. Their citation is inapposite, however. The plaintiff In *Loudermill* was complaining that a denial of a "speedy resolution" of post-deprivation proceedings violated due process. The Supreme Court held the fact that post-deprivation proceedings took nine months to conclude was not itself a separate constitutional

9

deprivation, as the complaint revealed nothing about the delay except that it stemmed in part from the thoroughness of the procedures. *Loudermill*, 470 U.S. at 547.  However, the Supreme Court also noted that, because due process requires provision of a hearing "at a meaningful time," at some point, "a delay in the post-termination hearing would become a constitutional violation." *Id*.  Plaintiff here is not complaining of a delay of resolution of post-deprivation process.  Rather, she has alleged that, at the time she filed this action, some two years had elapsed after the termination of her employment and she had not yet been afforded an appeal.  The Court has little trouble concluding this allegation states a violation of procedural due process.

Defendants also contend Plaintiff has failed to sufficiently allege her claim of a violation of her right to substantive due process.  "Public officials violate substantive due process rights if they act arbitrarily or capriciously."  *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562–63 (5th Cir. 2003).  To prove a substantive due process violation in the employment context, "an employee must show that a public employer's decision 'so lacked a basis in fact' that it could be said to have been made 'without professional judgment.'"  *Jones v. Louisiana Bd. of Sup'rs of Univ. of Louisiana Sys.*, 809 F.3d 231, 240 (5th Cir. 2015) (quoting Texas v. Walker, 142 F.3d 813, 819 (5th Cir.1998)).

Defendants maintain Plaintiff's allegations are merely unsubstantiated assertions concerning events that occurred during the civil service hearing for the first termination of her employment.  They first contend those allegations are insufficient because Plaintiff's claims rest on the second termination of her employment and the allegations are thus irrelevant.  Defendants also contend the allegations are insufficient because Plaintiff has not provided transcript excerpts of the hearing to substantiate her allegations.  The Court finds neither contention persuasive.

As to the Defendants' first contention, Plaintiff has alleged that the second termination of her employment was the result of Nero's characterization of her conduct as dishonest in regard to the first termination of her employment.  Plaintiff alleges the hearing examiner specifically found

Georgetown failed to carry its burden to prove her dishonesty. (Plf. 1st Am. Comp. ¶ 15). The civil service hearing related to the first termination of her employment is thus clearly relevant to Plaintiff's claims in this lawsuit.

As to their second contention, Defendants appear to misunderstand the burden placed on Plaintiff at this stage of the litigation. In pleading her claims, a plaintiff is not required to provide evidentiary support. Rather, she is required to plead facts, which if taken as true, would be sufficient to state a claim for relief. Plaintiff's allegations are specific, rather than conclusory recitations of the elements of her cause of action. That they are not supported by admissible evidence is of no significance at this stage of the litigation. Accordingly, the Court concludes Nero has not shown he is entitled to dismissal of Plaintiff's Section 1983 claims against him.

## C. Section 1983 Claims Against Georgetown

Defendants also contend Plaintiff's Section 1983 claims against Georgetown should be dismissed. They first contend, because Georgetown is entitled to the "derivative protections" of its employees' immunity defenses, Nero's qualified immunity bars Plaintiff's claims. Because the Court has concluded Nero has not shown he is entitled to qualified immunity at this stage, the argument is unavailing.

Defendants also maintain Plaintiff has not alleged facts sufficient to state a claim against Georgetown under Section 1983. A plaintiff asserting Section 1983 claims against a municipality must show "(1) an official policy (2) promulgated by the municipal policymaker (3) [that was also] the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Defendants argue Plaintiff has not identified any official policy on the part of Georgetown which resulted in the termination of her employment.

In her complaint, Plaintiff has alleged Nero is a policy-maker for Georgetown. (Plf. 1st Am. Compl. ¶ 30). A municipality's chief of police is presumptively a policy-maker, and Defendants do

not suggest otherwise. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001); *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir.1984). The Fifth Circuit has concluded "[a] single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity," *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (quoting *Brown v. Bryan Cty*, 67 F.3d 1174, 1183 (5th Cir.1995)). Because Plaintiff's claims are based on the acts of Nero, a policy-maker for Georgetown, Georgetown may be subject to liability under Section 1983. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1996) ("municipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (municipality and/or its policymakers may be held liable under § 1983 "when execution of a government's policy or custom ... by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...."). Accordingly, Georgetown is not entitled to dismissal of Plaintiff's Section 1983 claims.

**D. Defamation**

Defendants finally argue Plaintiff's defamation claim should be dismissed for several reasons, including that the claim is barred by the applicable statute of limitations. Under Texas the statute of limitations applicable to defamation is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a); *Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 370 (Tex. 2014). According to Defendants, because Plaintiff filed this lawsuit more than one year after August 30, 2013, the date Nero met with the District and County Attorney which lead to the subsequent issuance of the no-confidence letter, her claim of defamation based on that letter is properly dismissed.

Plaintiff contends her claim is not barred because Defendants are incorrect as to the date on which her claim accrued. As Plaintiff points out, a defamation cause of action may arise multiple

times, because each distinct publication of a defamatory statement inflicts an independent injury from which a defamation cause of action may arise. *Deaver v. Desai*, 483 S.W.3d 668, 676 (Tex. App.–Houston [14th Dist.] 2015, no pet.); *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 340 (Tex. App.—San Antonio 2000, pet. denied). In her response to the motion to dismiss, Plaintiff asserts that "a new cause of action accrues each time [she] has to present the letter to a new potential employer." (Plf. Resp. ¶ 23).

However, the allegations in Plaintiff's complaint do not support her assertion. In her complaint, Plaintiff states that both the District Attorney and County Attorney have agreed to retract their joint letter of no-confidence, but the letter remains in Georgetown's files. (Plf. 1st Am. Compl. ¶ 23). Absent is any allegation that Plaintiff is required to present the retracted letter to any potential employer. More specifically, Plaintiff has not alleged that she actually has presented the letter, or any date on which she did so. Accordingly, the Court finds Plaintiff's claim of defamation is barred by limitations. Based on this conclusion, Defendants' alternative arguments for dismissal need not be addressed.

## IV. CONCLUSION

Accordingly, the Court hereby **GRANTS in PART** Defendants' Georgetown Police Chief Wayne Nero's and the City of Georgetown's Fed. R. Civ. P. 12(b) First Amended Motion to Dismiss (Clerk's Dkt. #19). Plaintiff's claim for defamation is dismissed with prejudice. All other relief requested is denied.

**SIGNED** on May 24, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE